# EXHIBIT 1

# CIV-200909-CIV-DS2018708-CASEEN-131102



## Scanned Document Coversheet

| | |
|---|---|
| System Code: | CIV |
| Case Number: | DS2018708 |
| Case Type: | CIV |
| Action Code: | CASEEN |
| Action Date: | 09/09/20 |
| Action Time: | 1:11 |
| Action Seq: | 0002 |
| Printed by: | LARIC |

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Complaint and Party information entered


NEW FILE

BY FAX

1 | SOLOUKI | SAVOY, LLP
SHOHAM J. SOLOUKI (SBN 278538)
2 | GRANT JOSEPH SAVOY (SBN 284077)
316 W. 2nd Street, Suite 1200
3 | Los Angeles, California 90012
Telephone: (213) 814-4940
4 | Facsimile: (213) 814-2550

5 | Attorneys for PLAINTIFF, individually
and on behalf of all others similarly situated

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 09 2020

LaShondra Richardson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

ENRIQUE MARTINEZ-SALGADO, individual and class representative on behalf of himself and all other similarly situated non-exempt former and current employees,

Plaintiff,

vs.

RED COLLAR PET FOODS, INC., a Delaware Corporation; MARS PETCARE US, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.:

CIV DS 2018708

CLASS ACTION COMPLAINT FOR:

1. FAILURE TO PROVIDE REQUIRED MEAL PERIODS
2. FAILURE TO PROVIDE REQUIRED REST PERIODS
3. FAILURE TO PAY OVERTIME WAGES
4. FAILURE TO PAY MINIMUM WAGE
5. FAILURE TO TIMELY PAY WAGES
6. FAILURE TO PAY ALL WAGES DUE TO DISCHARGED AND QUITTING EMPLOYEES
7. FAILURE TO MAINTAIN REQUIRED RECORDS
8. FAILURE TO FURNISH ACCURATE ITEMIZED STATEMENTS
9. FAILURE TO INDEMNIFY EMPLOYEES FOR NECESSARY EXPENDITURES INCURRED IN DISCHARGE OF DUTIES
10. UNFAIR AND UNLAWFUL BUSINESS PRACTICES

DEMAND FOR JURY TRIAL

200922.0378/0380

-1-
CLASS ACTION COMPLAINT

PLAINTIFF ENRIQUE MARTINEZ-SALGADO, individual, ("PLAINTIFF"), demanding a jury trial, on behalf of himself and all other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1. The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is and was a residents of the State of California, Defendants RED COLLAR PET FOODS, INC., MARS PETCARE US, INC., and DOES 1 through 100 (collectively, "DEFENDANTS") are qualified to do business in California and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

2. Venue is proper in this judicial district and the County of SAN BERNARDINO, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of SAN BERNARDINO, DEFENDANTS maintain offices and facilities and transact business in the County of SAN BERNARDINO, and DEFENDANTS' illegal payroll policies and practices, which are the subject of this action, were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of SAN BERNARDINO. Further, the amount in controversy exceeds the sum of $25,000.00, exclusive of interest and costs.

## PLAINTIFF

3. Plaintiff ENRIQUE MARTINEZ-SALGADO is a resident of the State of California who was employed by DEFENDANTS as a non-exempt employee at times relevant to this Complaint.

4. PLAINTIFF, on behalf of himself and all other similarly situated current and former non-exempt employees of DEFENDANTS who were employed by DEFENDANTS at any time during the four (4) years preceding the filing of this complaint, and continuing while this action is pending, bring this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages and unpaid wages, unpaid and illegally calculated overtime compensation, illegal meal and rest

1  period policies, failure to timely pay wages, failure to pay all wages due to discharged or quitting employees, failure to maintain required records, failure to provide accurate itemized wage statements, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, and interest, attorneys' fees, costs, and expenses.

5. PLAINTIFF bring this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"):

    a.    All current and former non-exempt employees of RED COLLAR PET FOODS, INC., MARS PETCARE US, INC., and DOES 1 through 100 (collectively, "RED COLLAR") who worked at any of RED COLLAR's locations in the State of California at any time within the period beginning four (4) years prior to the filing of the this action, and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").

6. PLAINTIFF reserves the right to name additional class representatives.

## DEFENDANTS

7. PLAINTIFF is informed and believes, and thereon alleges, that Defendant RED COLLAR PET FOODS, INC. is, and at all times relevant hereto was, a company authorized to do business in the State of California and doing business in the State of California. Specifically, upon information and belief, Defendant RED COLLAR PET FOODS, INC. conducts business in the County of SAN BERNARDINO, State of California.

8. PLAINTIFF is informed and believes, and thereon alleges, that Defendants MARS PETCARE US, INC. and KAMRAN STAFFING, INC. are, and at all times relevant hereto were, companies authorized to do business in the State of California and doing business in the State of California. Specifically, upon information and belief, Defendants MARS PETCARE US, INC. and KAMRAN STAFFING, INC. conduct business in the County of SAN BERNARDINO, State of California.

9. The true names and capacities of DOES 1 through 100, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant

-3-

**CLASS ACTION COMPLAINT**

designated as a DOE is in some manner responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE Defendants when ascertained.

10. At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and the CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all times material to this complaint DEFENDANTS, as categorized above, were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each DEFENDANT, as categorized above, was completely dominated by his, her or its co-DEFENDANT, and each was the alter ego of the other:

11. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock, in violation of the California Labor Code and the applicable IWC Wage Order.

12. PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein was performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course

and scope of said agency, employment and/or direction and control.

13. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

14. This action is appropriately suited for a class action because:

   A. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

   B. This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair and unlawful business practices arising from such violations.

   C. The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the California Labor Code, the applicable IWC wage order, and the California Business and Professions Code.

   D. PLAINTIFF is able to fairly and adequately protect the interests of all CLASS MEMBERS because it is in their best interest to prosecute the claims alleged herein to obtain full compensation due to the CLASS MEMBERS for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

**Failure to Provide Required Meal Periods**

[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]

**(Against all DEFENDANTS)**

15. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

-5-
CLASS ACTION COMPLAINT

16. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

17. DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]

(Against all DEFENDANTS)

20. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

21. At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

22. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

23. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]**

**(Against all DEFENDANTS)**

24. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

25. Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

26. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; illegally rounding the work hours of PLAINTIFF and CLASS MEMBERS; failing to properly maintain PLAINTIFF' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

27. In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

28. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### FOURTH CAUSE OF ACTION

**Failure to Pay Minimum Wages**

[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]

(Against all DEFENDANTS)

29. PLAINTIFF incorporates herein by specific reference, as though fully set forth,

-8-

the allegations in all preceding paragraphs.

30. Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; illegally rounding the work hours of PLAINTIFF and CLASS MEMBERS; failing to properly maintain PLAINTIFF' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

32. DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION
### Failure to Timely Pay Wages During Employment
### [Cal. Labor Code § 204]
### (Against All DEFENDANTS)

33. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

34. Pursuant to California Labor Code § 204, for all labor performed between the 1st

and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month. In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

35. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to pay PLAINTIFF and CLASS MEMBERS all the wages they earned when due as required by California Labor Code § 204.

36. Pursuant to California Labor Code § 210, failure to pay the wages of each employee as provided in California Labor Code § 204 will subject DEFENDANTS to a civil penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

37. DEFENDANTS' conduct described herein violates California Labor Code § 204. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1, 2699, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### SIXTH CAUSE OF ACTION
**Failure to Pay All Wages Due to Discharged and Quitting Employees**
[Cal. Labor Code §§ 201, 202, 203]
**(Against all DEFENDANTS)**

38. PLAINTIFF incorporates herein by specific reference, as though fully set forth,

-10-

CLASS ACTION COMPLAINT

1 the allegations in all preceding paragraphs.

39. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

40. Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

41. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

42. During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201, 202, and 203.

43. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

44. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

///
///
///
///

-11-
**CLASS ACTION COMPLAINT**

## SEVENTH CAUSE OF ACTION

### Failure to Maintain Required Records

[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]

(Against all DEFENDANTS)

45. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

46. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

47. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

[Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]

(Against all DEFENDANTS)

48. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

49. During the CLASS PERIOD, DEFENDANTS routinely failed to provide

PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.

50. During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

51. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

**NINTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

52. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

53. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

-13-

**CLASS ACTION COMPLAINT**

54. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, travel expenses, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

55. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## TENTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

[Cal. Bus. & Prof. Code §§ 17200 et. seq.]

(Against all DEFENDANTS)

56. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

57. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice

under California Business and Professions Code § 17200 et seq.

58. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

59. DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

60. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

61. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

///
///
///

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully pray for relief against DEFENDANTS and DOES 1 through 100, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 1-2001;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;

6. For waiting time penalties pursuant to California Labor Code § 203;

7. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 210, 226.3, 226(e), 558, 1197.1, and 2699;

8. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 1021.5, 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

10. For declaratory relief;

11. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action as a class action;

12. For an order appointing PLAINTIFF as class representatives, and PLAINTIFF' counsel as class counsel; and

13. For such further relief that the Court may deem just and proper.

DATED: September 9, 2020

Respectfully submitted,

**SOLOUKI | SAVOY, LLP**

By: _____
SHOHAM J. SOLOUKI
GRANT JOSEPH SAVOY
Attorneys for PLAINTIFF and the Proposed Class

///
///
///

-17-
**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

PLAINTIFF, on behalf of himself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: September 9, 2020

Respectfully submitted,

SOLOUKI | SAVOY, LLP

By: _____
SHOHAM J. SOLOUKI
GRANT JOSEPH SAVOY
Attorneys for PLAINTIFF and the Proposed Class

-18-
CLASS ACTION COMPLAINT